**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clair VAN RICE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1998.

Filed Dec. 10, 1998.

Mark D. Fetterman, Asst. Public Defender, York, for appellant.

William H. Graff, Jr., Asst. Dist. Atty., York, for Com., appellee.

Before KELLY, STEVENS and HESTER, JJ.

STEVENS, J.:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of York County following Appellant's conviction on the charge of possession with the intent to deliver cocaine. Herein, Appellant contends that the lower court erred in denying his pre-trial motion to suppress the evidence seized by his parole officer. We affirm.

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal

conclusions drawn from those factual findings.

*Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177, 178–179 (Pa.Super.1992). We find that the suppression court's factual findings are supported by the record and are as follows: Appellant was convicted on various narcotic charges. After serving a portion of his jail sentence, Appellant was paroled. On December 3, 1996, Appellant failed to appear for a scheduled mandatory employment group session. As a result, Pennsylvania Board of Probation and Parole Agent Kim L. Heath contacted Appellant and met with him on December 4, 1996. During the meeting, Agent Heath indicated that Appellant was in violation of Condition 3–A of his parole, failure to report as instructed, and, therefore, she told Appellant that he was going to be placed on electronic home monitoring. She then instructed Appellant to "go home" and wait for further instructions. Appellant became rude, obnoxious, and loud. He also demanded that he be permitted to speak to a supervisor and refused to submit to the electronic monitoring. Since Appellant was refusing to submit to the monitoring, and since a supervisor was not available to speak to Appellant, Agent Heath placed Appellant in custody for forty-eight hours to permit a supervisor's conference to be held. After handcuffing Appellant, Agent Heath searched Appellant. During the search, Agent Heath discovered a baggie of crack cocaine in Appellant's right coat pocket. Appellant was immediately arrested for possession with the intent to deliver a controlled substance and was transported to the York County Prison.[1]

Appellant filed an omnibus pre-trial motion seeking to suppress the crack cocaine seized by Agent Heath. Following a hearing held on August 27, 1997, the motion was denied, and, on September 2, 1997, Appellant proceeded to a bench trial. Following the trial, Appellant was found guilty of possession with the intent to deliver cocaine and he was sentenced to five to ten years' imprisonment. This timely appeal followed.

Appellant does not dispute that Agent Heath had the authority to take him into custody. Rather, he argues that once he was placed in custody, Agent Heath had no statutory or regulatory authority to conduct a warrantless search of his coat. Specifically, he contends that only police officers have the authority to search a parolee after he has been taken into custody.[2] As such, he contends that, pursuant to the Supreme Court's decision in *Commonwealth v. Pickron*, 535 Pa. 241, 634 A.2d 1093 (1993), the search was improper since there was no statutory or regulatory authority for Agent Heath's search. We disagree.

■ As Appellant correctly argues, under *Pickron*, parole officers may not conduct a warrantless search in the absence of (1) the consent of the parolee, or (2) a statutory or regulatory framework authorizing such a search. *See Commonwealth v. Richardson*, 445 Pa.Super. 129, 664 A.2d 1042 (Pa.Super.1995). However, Appellant is incorrect in arguing that *Pickron* requires suppression in this case. Subsequent to the Supreme Court's decision in *Pickron*, our legislature enacted 61 P.S. § 331.27a,[3] which provides, in relevant part, that "State parole agents are authorized to search the person and property of State offenders in accordance with the provisions of this section.... A personal search [4] of an offender may be conducted by any agent when an offender is transported or taken into custody." 61 P.S. §§ 331.27a(a),

---

1. Upon arrival at the York County Prison, Agent Heath continued to search Appellant's coat and discovered additional baggies of crack cocaine in Appellant's left coat pocket. The propriety of this search has not been raised on appeal.

2. We note that Appellant also contends that the search did not qualify as a "safety search" under Section 13.6 of the Pennsylvania Board of Probation and Parole Manual of Operations and Procedures. In light of our discussion *infra*, we need not address this issue.

3. 61 P.S. § 331.27a became effective on January 16, 1996. The search in this case occurred on December 4, 1996, and, therefore, the statute is applicable.

4. A "personal search" is defined as "[a] warrantless search of an offender's person, including, but not limited to, the offender's clothing...." 61 P.S. § 331.27a(g).

331.27a(d)(1)(ii).[5] As section 331.27a makes clear, a state parole agent is permitted to search a parolee when the parolee is lawfully taken into custody.

█ In the case *sub·judice*, it is undisputed that Agent Heath searched Appellant only after Appellant was handcuffed and taken into custody.[6] As such, Agent Heath specifically acted under guidance from a statute. Appellant's contention that Agent Heath was not acting under the guidance of a statute or regulation, in violation of the Supreme Court's holding in *Pickron*, is meritless. Therefore, we find that the suppression court properly denied Appellant's motion to suppress.[7]

Affirmed.

---

**5.** We note that 61 P.S. § 331.27b provides authority for county parole officers to search a parolee when he is taken into custody.

**6.** As indicated previously, Appellant does not dispute that he was "taken into custody" or that Agent Heath was permitted to place him in custody. As such, any error with regard thereto has been waived.

**7.** Appellant has failed to argue that the statute at issue is unconstitutional. Rather, he simply argues that the legislature has not enacted a statute permitting parole agents to search parolees when they are taken into custody. As such, we decline to address the constitutionality of the statute.